IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CURTIS WAYNE SMITH, JR.                                              PLAINTIFF

v.                              Case No. 4:24-cv-4051

DOCTOR JOAN MCLEAN;
TODD TALLANT; DOE BADGE
NUMBER 11-16; and JANA TALLANT                                       DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed by the Honorable Barry A. Bryant,[1] United States Magistrate Judge for the Western District of Arkansas.  ECF No. 7. Judge Bryant recommends that this case be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.  Plaintiff has responded with objections.  ECF No. 8.  The Court finds the matter ripe for consideration.

### I. BACKGROUND

Plaintiff, representing himself in this matter, files this action pursuant to 42 U.S.C. § 1983.  At all times relevant to this lawsuit, Plaintiff was a convicted inmate housed in the Howard County Detention Center ("HCDC").  Plaintiff alleges that Defendants denied him medical care and exposed him to unconstitutional conditions of confinement.  Plaintiff asserts both individual and official capacity claims against Defendants.

Specifically, Plaintiff claims that he was involved in an altercation with another inmate in which he injured his hand and the other inmate's blood entered his mouth.  Plaintiff further alleges that he requested medical care in the form of x-rays and blood tests but did not receive a blood test for over one week.  Plaintiff does not allege that he was injured because of the delay but that contracting a blood virus or disease was a "possibility."  ECF No. 1, p. 9.

---

[1]Judge Bryant is now retired.

For his official capacity claim, Plaintiff states that Defendants failed to follow HCDC policy by not providing him with medical care immediately, by requiring him to submit a medical request, and by Defendants Todd Tallant and Doe Officer wearing their sidearms inside the jail in areas where no firearms were allowed.  Plaintiff seeks compensatory damages and for all his fines to be satisfied.

Judge Bryant recommends that this case be dismissed without prejudice for failure to state a claim upon which relief may be granted.  ECF No. 7.  Plaintiff objects.  ECF No. 8.

## II. STANDARD OF REVIEW

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition.  28 U.S.C. § 636(b)(1).  Within fourteen days of receipt of a magistrate judge's report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *accord* Local Rule 72.2(VII)(C).  After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions."  28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation."  *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018).  Generally, "objections must be timely and specific" to trigger *de novo* review.  *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990).  However, the Court may, in its discretion, conduct a *de novo* review of any issue in a report and recommendation.  *Thomas v. Arn*, 474 U.S. 140, 154 (1985).  The Court applies a liberal construction when determining whether *pro se* objections are specific.  *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995).

### III. DISCUSSION

Plaintiff claims that he was denied medical care after being involved in an altercation with another inmate when his requests for blood work and x-rays were refused.  Plaintiff alleges that his hand was injured in the altercation and that he was exposed to the other inmate's blood when it got in Plaintiff's mouth.  Plaintiff, however, did receive a blood test one week later. Regarding his hand, Plaintiff does not allege any present injury to his hand.

Judge Bryant characterizes Plaintiff's claim as one for a delay in medical care because he ultimately received a blood test.  Plaintiff disagrees, arguing in his objections that the one-week delay essentially amounted to denial of medical care, because the medical care was not offered immediately upon Plaintiff's request.  ECF No. 8, p. 7.  The Court notes, however, that the "Constitution does not require jailers to handle every medical complaint as quickly as each inmate might wish."  *Jenkins v. Cty. of Hennepin, Minn.*, 557 F.3d 628, 633 (8th Cir. 2009). Thus, the Court finds that Judge Bryant properly classified Plaintiff's claim as one for delay in medical care.

When an inmate alleges that a delay in medical care violated his constitutional rights, a court measures the objective severity of the deprivation "by reference to the *effect* of the delay in treatment."  *Jackson v. Riebold*, 815 F.3d 1114, 1119 (8th Cir. 2016) (emphasis in original) (quoting *Laughlin v. Schriro*, 430 F.3d 927, 929 (8th Cir. 2005)).  To support a claim based on a delay in medical care, an inmate must present "verifying medical evidence" showing that the delay in treatment had detrimental effects. *Id.* at 1119-20.  Here, Plaintiff presents no verifying medical evidence that he suffered any adverse effect on his ultimate prognosis from the one-week delay in receiving a blood test. He argues that he could have been injured by getting another inmate's blood in his mouth, but the fact remains that Plaintiff did not contract an illness or disease from exposure to the other inmate's blood.  ECF No. 8, p. 6.  As for his hand, Plaintiff

also fails to allege any injury and instead emphasizes that he requested immediate medical attention and did not receive it.  Accordingly, the Court agrees with Judge Bryant that Plaintiff's allegations fail to state a cognizable claim for delay in medical care.

Plaintiff also claims that the conditions of confinement were unsafe when Defendants Doe and Tallant wore their sidearms into an area of the HCDC that restricts firearms. Judge Bryant finds that this claim is not a cognizable constitutional violation because an inmate does not have a constitutional right to enforce compliance with internal prison rules or regulations. *See Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2023) (recognizing "there is no federal constitutional liberty interest in having . . . prison officials follow prison regulations").  Judge Bryant also notes that Plaintiff fails to allege any physical injury related to this particular claim as required by 42 U.S.C. § 1997e(e).

In his objections, Plaintiff alleges that Defendants' actions in violating the "no firearms" policy created an unsafe environment for him and other inmates and is unprofessional.  However, Plaintiff fails to offer any argument to rebut Judge Bryant's finding that Plaintiff's claim fails because he has no constitutional right to enforce compliance with prison rules and has not alleged a physical injury related to this claim.  The Court agrees with Judge Bryant that Plaintiff fails to state a cognizable conditions-of-confinement claim.

Judge Bryant also finds that all official capacity claims must be dismissed because without any cognizable constitutional violations alleged, there can be no official capacity claims against Defendants' employer.  Plaintiff does not specifically object to this finding.  The Court finds no error in Judge Bryant's finding regarding the official capacity claims and agrees that these claims must be dismissed.

### IV. CONCLUSION

Upon *de novo* review of the Report and Recommendation, and for the reasons discussed

4

above, the Court finds that Plaintiff has offered neither fact nor law which would cause the Court to deviate from Judge Bryant's Report and Recommendation. Therefore, the Court overrules Plaintiff's objections (ECF No. 8) and adopts the Report and Recommendation (ECF No. 7) *in toto*. Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS SO ORDERED**, this 30th day of July, 2026.

/s/ Susan O. Hickey
Susan O. Hickey
Senior United States District Judge

5